UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

DARYL JACKSON,

                                                    Plaintiff,

            vs.                                                                        9:07-CV-874
                                                                                          (NAM/ATB)

G. RAMEY, et al.,

                                                    Defendants.

_____

ROBERT A. LIPPMAN, ESQ., Attorney for Plaintiff
ROGER W. KINSEY, Ass't Attorney General, Attorney for Defendants

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

In this pro se action pursuant to 42 U.S.C. § 1983, plaintiff, an inmate in the

custody of New York State Department of Correctional Services ("DOCS"), claims his

due process rights were violated in the course of a disciplinary hearing.  In a prior

decision (Dkt. No. 23), Chief U.S. District Judge Norman A. Mordue dismissed the

claims against all defendants except the hearing officer, Captain Gary R. Ramey, and

the DOCS Director of Special Housing, Donald Selsky.  Defendants thereafter moved

for summary judgment (Dkt. No. 42), which Chief Judge Mordue denied, by

Memorandum-Decision and Order dated March 29, 2010.

At the direction of Chief Judge Mordue, this court appointed *pro bono* counsel

to represent plaintiff at trial.  (Dkt. No. 56).  Following two status conferences,

plaintiff's counsel filed a letter motion to re-open the period to file substantive

motions (which expired on May 28, 2009), so that plaintiff could file a summary

judgment motion.  (Dkt. No. 60).  Defendants have filed a letter in opposition to

plaintiff's application for leave to file a summary judgment motion.  (Dkt. No. 61).

For the foregoing reasons, this court recommends that plaintiff's motion for leave to

file a summary judgment motion after the applicable deadline be denied, primarily

because the proposed summary judgment is without merit.

## I.      Relevant Facts and Procedural Background[1]

On February 7, 2004, correction officers  at the Great Meadow Correction

Facility filed two misbehavior reports against plaintiff, arising from his altercation

with another inmate on that date.  Plaintiff was served with the misbehavior reports,

and his Tier III disciplinary hearing under 7 N.Y.C.R.R. § 254.7 on the combined

reports commenced on February 17, 2004.  (Ramey Decl. in support of Defendants'

Motion for Summary Judgment, Dkt. No. 42-5, ¶ 3).  Plaintiff was permitted to select

an assistant to help him prepare for the hearing.  His first choice, J. Parham, began

assisting plaintiff, but was unable to continue, apparently due to illness.  Plaintiff's

second choice, Sgt. LaCroix, was then assigned to assist him.[2]  Defendant Gary R.

Ramey was assigned as the hearing officer.

At the beginning of the hearing, plaintiff pleaded guilty to refusal to obey a

---

[1] The relevant facts and procedural history of this case are drawn from Chief Judge
Mordue's prior two decisions on defendants' substantive motions, which contain additional
details.  (Dkt. Nos. 42, 56).

[2] Plaintiff complains that when he selected LaCroix as his second choice on the assistant
request form, he did not realize that LaCroix was one of the officers who had responded to, and
investigated, the incident.  According to plaintiff, LaCroix did not do a proper investigation on
his behalf.

direct order, and the hearing proceeded on the remaining charges.  The misbehavior reports were made part of the record.

Plaintiff requested that four inmates be called as witnesses on his behalf.  A form completed by Sgt. LaCroix, as plaintiff's assistant, shows that the four inmates plaintiff requested had been identified.  Next to the name of each, under the heading "Testify," the form simply indicates "No"; there is no other information on the form regarding these four witnesses.  At the hearing, Capt. Ramey stated that the form showed that the inmates were interviewed, but apparently refused to testify.  Capt. Ramey stated, at the hearing, that the "no" notations on the assistant's form was the "normal procedure" for indicating that a possible witness refused to testify; but he also acknowledged the existence of a separate witness refusal form, which the assistant did not provide for these witnesses.  (Disc. Hearing Transcript at 4-5, Ex. H to Ramey Decl., Dkt. No. 42-5 at 22-23).  During the administrative disciplinary process, and in response to defendants' summary judgment motion, plaintiff insisted that the listed witnesses observed the incident, and were willing to provide exculpatory testimony at his disciplinary hearing.

On February 25, 2004, Capt. Ramey found plaintiff guilty of all charges. His written disposition listed the evidence relied upon as: "misbehavior report dated 2-7-04 by C.O. Carlton, your testimony, video of incident, testimony of your witness C.O. Carlton, and your guilty pleas to two charges."  The penalty imposed was six months in the special housing unit ("SHU") and six months loss of good time credits. Plaintiff pursued an administrative appeal, but defendant Selsky affirmed Capt.

Ramey's disposition.

Plaintiff then filed an Article 78 proceeding in New York State Supreme Court. Among other things, he claimed that the disposition at the Tier III Hearing was flawed because one of the hearing tapes "is defective; tape starts on 2/17/04, cuts off during my testimony, and starts again on 2/25/04." On September 20, 2004–after plaintiff had spent 175 days of his 180-day sentence in the SHU–defendant Selsky reversed the Hearing Disposition. References to the disposition were expunged from plaintiff's record, and his good time credits restored. The accompanying memorandum stated that the Tier III Hearing Disposition was reversed "after discussion with Attorney General's office due to incomplete record caused by tape equipment malfunction." According to Selsky, the gaps did not significantly affect the validity of the hearing, but in an "over abundance of caution," he agreed to reverse the determination. On October 26, 2004, the Article 78 proceeding was dismissed as moot.

In denying the defendants' summary judgment motion, Chief Judge Mordue concluded that he could not determine, as a matter of law, whether plaintiff was accorded all the due process to which he was entitled at his disciplinary hearing. Chief Judge Mordue continued:

> The Court notes in particular that there is no competent evidence regarding the reason Hearing Officer Ramey did not call any of the four inmate witnesses plaintiff requested. As the Supreme Court noted in *Ponte v. Real*: "Chief among the due process minima outlined in *Wolff* was the right of an inmate to call and present witnesses and documentary evidence in his defense before the disciplinary board." 471 U.S. 491, 495 (1985). . . . *[A]ccord Fox v. Coughlin*, 893 F.2d 475, 478 (2d Cir. 1990) ("[A]n inmate's due process rights are violated when a prison hearing officer refuses to interview witnesses without

4

assigning a reason logically related to preventing undue hazards to institutional
safety or correctional goals." (citation and internal quote omitted)).  The burden
is on the defendants to prove the rationality of their refusal to call a requested
witness; they are not required to do so at the time of the disciplinary hearing,
but may do so later, even at trial.  *See Ponte*, 471 U.S. at 496-99.

Dkt. No. 53 at 9.

## II.    <u>Plaintiff's Motion</u>

Plaintiff's counsel asks this court to extend the long-expired deadline to file

substantive motions, so that he may file a motion for summary judgment based on a

New York State Court of Claims decision, *DuBois v. State of New York*, 25 Misc. 3d

1137, 887 N.Y.S.2d 448 (N.Y. Ct. Cl. 2009).  Counsel argues there are no material

issues of fact negating plaintiff's claim that his rights under the DOCS Rules and

Regulations were violated in connection with his February 2004 disciplinary hearing.

Counsel argues:  " . . . Plaintiff was denied permission to call witnesses in his defense

at his disciplinary hearing and was not given a written statement setting forth the

reasons for the denial, as required under 7 N.Y.C.R.R. § 243.5 . . .  and the failure to

hold a hearing within seven (7) days [violated his rights under] 7 N.Y.C.R.R. §

251-5.1. . . ." (Plaintiff's Letter Motion at 2, Dkt. No. 60).  Plaintiff contends that,

because the recording of the disciplinary hearing is not complete, "the *DuBois* case,

requires that the burden of proof shift to the State to show that the missing witness

testimony would have made no difference in the outcome of the hearing." (*Id.*).

Counsel concludes by arguing that, "in the absence of a record the State cannot meet

its burden and the incontrovertible and material violations of State prison regulations

here must result in a ruling of Summary Judgment in Plaintiff's favor." (*Id.*).

The defendants argue that the alleged failure to follow New York State procedural rules and regulations do not establish federal constitutional violations cognizable in a section 1983 action.  (Defendants' Letter, Brief, Dkt. No. 61). Defense counsel contends that, applying the appropriate federal due process standards articulated in *Wolff v. McDonald*, 418 U.S. 539 (1974), the plaintiff cannot sustain his claims under Section 1983.

FED. R. CIV. P. 56(c) provides for the filing of summary judgment motions "at any time until 30 days after the close of all discovery" "unless a different time is set by local rule or the court orders otherwise."  In this case, Judge Di Bianco's Scheduling Order (Dkt. No. 31) established a deadline of May 28, 2009, for the filing of any substantive motions.[3]  Cases in this circuit, most construing prior versions of Rule 56, have concluded that FED. R. CIV. P. 16(b) should apply to requests to extend the time to file summary judgment motions beyond a court-imposed deadline, and that a party must, therefore, show "good cause" to justify such an extension.  See, e.g,. *Julian v. Equifax Check Services, Inc.*, 178 F.R.D. 10, 15 (D. Conn. 1998) (citing, *inter alia*, *Kinberg v. Colorforms*, Nos. 89 Civ. 1156 & 89 Civ. 1292, 1991 WL 285621, at \*3-4 (S.D.N.Y.1991)); *Stover v. Northland Group, Inc.*, 05-CV-0476E, 2007 WL 1360603, at \*2 (W.D.N.Y. May 8, 2007).  *See also Parker v. Columbia Industries*, 204 F.3d 326, 339-40 (2d Cir. 2000) (the Rule 16(b) "good cause" standard, rather than the

---

[3] Although discovery was re-opened on July 21, 2010, until August 17, 2010, this was for "the limited purpose of allowing plaintiff's counsel to subpoena the New York State Division of Parole to determine the last known address for up to four potential witnesses." (7/21/2010 Text Order).  This Text Order did not re-open the period for filing substantive motions.

more liberal standard of Rule 15(a), governs a motion to amend filed after the deadline

a district court has set for amending the pleadings).

In this case, newly-appointed, *pro bono* counsel asks to file a summary

judgment motion that the previously *pro se* plaintiff did not pursue.  If the proposed

motion appeared to have merit, and if it would have been unreasonable to expect the

plaintiff to have pursued the motion before he had the benefit of counsel, that might

state "good cause" for extending the time within which to file substantive motions.

However, in this case, the court concludes that the proposed motion lacks merit, and

does not justify re-opening the substantive motion practice fifteen months after the

applicable deadline passed, in a case that is close to trial-ready.

Defendants are correct that violations of state procedural rules[4] regarding prison

disciplinary hearings do not, by themselves, establish federal due process claims under

Section 1983.  *See, e.g., Martinez v. Minogue*, 9:06-CV-546 (DNH/DEP), 2008 WL

---

[4] Plaintiff's counsel argues that the holding of *DuBois*, that the absence of a record for a disciplinary hearing shifts the burden to the defendants to show that the missing witness testimony would have made no difference in the outcome of the hearing, constitutes "substantive" state law that should apply in this case under the *Erie* doctrine.  Plaintiff's counsel fails to recognize that the ruling of *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, (1938) that state substantive law should apply in ***diversity actions*** in federal court, is inapplicable to a suit, such as this one, which raises federal constitutional claims under a federal statute.  In any event, under *Ponte*, 471 U.S. at 496-99, the defendants were not required to justify their refusal to call plaintiff's witness during the disciplinary hearing, as long as they do so at some point, through the time of trial.  Thus, the absence of a complete hearing record does not preclude the defendants from articulating adequate reasons for refusing to call witnesses at a later time.  It is also worth noting that an inmate has no federal right to an electronic record of a disciplinary hearing.  Hence, the fact that the tape recording and transcript of the hearing are incomplete does not, by itself, form the basis of a viable federal due process claim.  *See, e.g., Odom v. Kerns*, 99-CV-10668, 2008 WL 2463890, at *10 (S.D.N.Y. June 18, 2008) (citing, *inter alia, Dixon v. Goord*, 224 F. Supp. 2d 739, 744-45 (S.D.N.Y.2002)).

4241746, at \*6 (N.D.N.Y. Sept. 11, 2008) (violation of a state regulation relating to

the hearing officer's failure to conduct a proper inquiry into the refusal of two

witnesses to testify, and to provide both an adequate reason and a signed witness

refusal form do not rise to a level of constitutional significance); *Hill v. Selsky*, 487 F.

Supp. 2d 340, 343 (W.D.N.Y.2007) (state court decision concluding that the hearing

officer violated state regulation by not providing the accused inmate with a signed

witness refusal form did not establish a constitutional deprivation).[5]  The *DuBois* case,

on which plaintiff's counsel heavily relies, made clear that it was considering only

state law claims, and not federal constitutional or civil rights claims.  *DuBois v. State*

*of New York*, 25 Misc. 3d at 1138, 887 N.Y.S.2d at 449.  Thus, the grounds stated by

plaintiff's counsel for the proposed summary judgment motion in a federal civil rights

action are clearly without merit.

　　As discussed above, applicable federal due process standards would require the

defendants to prove the rationality of their refusal to call the witnesses requested by

plaintiff, at some point, up through the time of trial.  *Ponte*, 471 U.S. at 496-99.  In

support of the defendants' summary judgment motion, defendant Ramey explained

why he believed that the witnesses requested by plaintiff refused to testify.  While

Chief Judge Mordue did not find that evidence sufficient to grant defendants' motion

for summary judgment, it seems adequate to create an issue of fact for trial that would

---

[5] *See also Russell v. Coughlin*, 910 F.2d 75, 78 n. 1 (2d Cir.1990) (violations of state law
procedural requirements, such as the seven-day rule of 7 N.Y.C.R.R. § 251-5.1, do not alone
constitute a deprivation of due process because federal constitutional standards, rather than state
law, define the requirements of procedural due process).

preclude granting a motion for summary judgment by plaintiff.  Further, defendants

would be permitted to supplement the evidence supporting defendant Ramey's

decision not to call the requested witnesses at trial, including with direct evidence

from plaintiff's assistant, Sgt. LaCroix, even though that evidence was not offered in

support of defendants' summary judgment motion.  This court concludes that, under

the appropriate federal due process standards, plaintiff could not bring a meritorious

summary judgment motion, even on the existing record.

**WHEREFORE**, based on the findings above, it is **RECOMMENDED**, that,

plaintiff's letter motion to extend the deadline for the filing of substantive motions so

that he may file a summary judgment motion (Dkt. No. 60) be **DENIED** based on the

lack of merit of the proposed summary judgment motion.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have

fourteen (14) days within which to file written objections to the foregoing report.

Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT**

**TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE**

**APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing

*Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28

U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.

**Dated: September 3, 2010**

Hon. Andrew T. Baxter
U.S. Magistrate Judge