UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

**DARYL JACKSON,**

                                  **Plaintiff,**

                           -v-                                              9:07-CV-874 (NAM/ATB)

**CAPTAIN RAMEY and DONALD SELSKY**

                                **Defendants.**

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

APPEARANCES:                                       OF COUNSEL:

Lemery, Greisler Law Firm                 Robert A. Lippman, Esq.
60 Railroad Place
Suite 502
Saratoga Springs, New York 12866
*Attorney for Plaintiff*

Hon. Andrew M. Cuomo                  Roger W. Kinsey, Esq.,
Attorney General of the State of New York   Assistant Attorney General
The Capitol
Albany, New York 12224-0341
*Attorney for Defendants*

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

     In this action under 42 U.S.C. § 1983, plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), claims his due process rights were violated in the course of a disciplinary hearing.[1] On March 29, 2010, this Court denied defendants' motion for summary judgment. (Dkt. No. 53). Plaintiff moved to reopen the motion calendar to file a motion for summary judgment based upon the case of *DuBois v. State of New York*, 25

---

[1] The Report-Recommendation describes the action as "*pro se*". On May 24, 2010, the Lemery, Greisler Law Firm was appointed as pro bono trial counsel and on June 3, 2010, Robert Lippman, Esq. entered a Notice of Appearance. (Dkt. No. 56, 57).

Misc.3d 1137 (N.Y. Ct. Cl. 2009).  (Dkt. No. 60).  The motion was referred to United States Magistrate Judge Andrew T. Baxter for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c).  Magistrate Judge Baxter issued a Report and Recommendation (Dkt. No. 62) recommending that plaintiff's motion be denied because the proposed summary judgment motion is without merit.  Defendants do not object.  Plaintiff has submitted an objection. (Dkt. No. 65).

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews *de novo* those parts of a report and recommendation to which a party specifically objects.  Plaintiff argues that the case of *Giano v. Sullivan*, 709 F.Supp. 1209 (S.D.N.Y. 1989), provides additional support for his claim that his rights were violated when he did not receive written reasons from the hearing officer after his request for documentary evidence or witnesses was denied.  In *Giano*, the Court concluded that, "where a hearing officer denies an inmate's request to present witnesses or documentary evidence . . . . such reasons must be set forth expressly and in writing".  *Id*. at 1216 (citing, *inter alia*, 7 NYCRR 254.5).  The Court found that the plaintiff was unconstitutionally denied his right to marshal evidence because the record contained no indication that such a finding of confidentiality was made by the hearing officer.  *Id*.

The Court has reviewed the Report and Recommendation and the entire record, including the additional caselaw cited by plaintiff.  In its prior ruling on defendants' motion for summary judgment, this Court held that, "[o]n this record, the Court cannot determine, as a matter of law, whether plaintiff was accorded all the due process to which he was entitled".  On this motion, the Magistrate Judge reiterated that holding and concluded that, on the existing record, there are issues of fact for trial that preclude summary judgment in favor of plaintiff.  In his objections,

-2-

plaintiff does not cite to any additional evidence or portion of the record which would warrant an award of summary judgment in favor of plaintiff. The Court finds no clear error or manifest injustice in the Report and Recommendation.

It is therefore

**ORDERED** that the Report and Recommendation by United States Magistrate Judge Andrew T. Baxter (Dkt. No. 62) is accepted and adopted in its entirety; and it is further

**ORDERED** that plaintiff motion to reopen the motion calendar (Dkt. No. 60) is denied; and it is further

**ORDERED** that the jury trial shall commence on December 13, 2010, at 9:00 a.m., in Syracuse, New York before Chief Judge Norman A. Mordue. All pretrial papers are due on or before November 29, 2010.

**IT IS SO ORDERED.**

Date:   September 20, 2010
        Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge